warrant some type of fee shifting award. And I think that because it does address a fundamental issue in the case. It relates to matters that were within RBC's knowledge. RBC knew that there, in fact, was a final push. And it's the type of thing where it's not unfair to expect a party to accurately present facts within its control.[279]

At the conclusion of oral argument on the issue, the trial court suggested that "[t]he cases speak of bad faith being reserved for rare situations involving cases of 'glaring egregiousness.' "[280] It further suggested that this standard of conduct "implies that we're comfortable with some egregiousness, we're even comfortable with relatively considerable egregiousness. We're just not comfortable with 'glaring egregiousness.' "[281] This is a matter that is within the discretion of the trial judge and, while this is a close issue, we decline to find an abuse of discretion, even though we might have come to a different conclusion if we were reviewing this as an original application.[282]

## IV.   CONCLUSION

For the foregoing reasons, the Final Order and Judgment of the Court of Chancery is hereby **AFFIRMED.**

279. Ans. Br. Ex. A. Tr. 71:10–72:5 (Feb. 12, 2015).

280. *Id.* at 67:17–19.

281. *Id.* at 67:21–24.

282. In *Dobler,* we reversed a finding by the Court of Chancery that a defendant's conduct was not "sufficiently egregious to justify fee-shifting." 880 A.2d at 227. In so doing, we observed that the defendants "repeatedly acted in bad faith" during the litigation process, thereby justifying an award of reasonable at-

■

**HEWLETT–PACKARD COMPANY,**
Defendant Below, Appellant/Cross–
Appellee,

v.

**PROFESSIONAL INVESTIGATION & CONSULTING AGENCY, INC.,** d/b/a PICA,      Plaintiff      Below,      Appellee/Cross–Appellant.

No. 243, 2015

Supreme Court of Delaware.

Submitted: December 2, 2015

Decided: December 4, 2015

Rehearing En Banc Denied
December 23, 2015

Court Below:   Superior Court of the State of Delaware in and for New Castle County, C.A. No. N12C–06–196.

AFFIRMED.

■

**Arturo LABOY,** Defendant
Below-Appellant,

v.

torneys' fees. *Id.* at 229. Despite our serious concern about the statements described above, we will defer to the trial court in this instance. *Cf. Kane v. Burnett,* 2003 WL 231619, 817 A.2d 804 (Del. Jan. 30, 2003) (holding that "this Court must apply the deferential abuse of discretion standard of review and, in the absence of an abuse of discretion, must affirm the [trial court's] award [of attorneys' fees], even though we might have reached a different conclusion") (citation omitted).

880

STATE of Delaware, Plaintiff
Below-Appellee.

No. 473, 2015

Supreme Court of Delaware.

Submitted: October 8, 2015

Decided: December 4, 2015

Court Below—Superior Court of the State of Delaware, in and for New Castle County, Cr. ID Cr. ID 93003649DI.

AFFIRMED.

Warren SMALL, Defendant
Below, Appellant

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 565, 2015

Supreme Court of Delaware.

Submitted: November 2, 2015

Decided: December 4, 2015

Court Below—Superior of the State of Delaware, in and for New Castle County, Cr. ID 1209020733.

DISMISSED.

Donovan J. GARVIN, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 476, 2015

Supreme Court of Delaware.

Submitted: October 7, 2015[1]
Decided: December 7, 2015

Court Below—Superior Court of the State of Delaware, in and for Kent County, Cr. ID No. 1302013656.

AFFIRMED.

Harold C. BISSOON, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 316, 2015

Supreme Court of Delaware.

Submitted: September 17, 2015

Decided: December 7, 2015

Court Below—Superior Court of the State of Delaware in and for New Castle County, Cr. ID No. 1212011142.

AFFIRMED.

1. The motion to affirm was filed on September 21, 2015, but the record was filed on October 7, 2015.